## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Hewitt

v.

May

November 19, 1984

Case No. (Law) 9090

By JUDGE DONALD H. KENT

This case presents the question as to a landlord's duty to mitigate his damages and whether a re-entry and acceptance of the tenant's surrender occurs when the landlord attempts to re-let or sell the premises.

Virginia follows the prevailing rule in most jurisdictions that a landlord has no duty to mitigate damages following the tenant's abandonment of the premises before the expiration of the lease. *Crowder v. Virginian Bank of Commerce*, 127 Va 299 (1920).

Following a tenant's abandonment of the premises, a land-lord may re-enter and terminate the lease. If he does so, then he is entitled to only the rent then due. Unless and until the landlord accepts the surrender or abandonment of the lease by the tenant, there is no termination of the lease and the tenant remains liable for the balance of the rent. Whether there has been an acceptance by the landlord is a matter of intention. It is clear from the facts in this case that the landlord had no intention to terminate the lease.

Judgment will be entered in favor of the plaintiff in the sum of $1,785.00 plus $446.00 in attorney's fees less the amount of the defendant's security deposit.